## PATRICK McDONNELL v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.[1]

June 18, 1915.

Nos. 19,273—(181).

**Compromise and settlement — mental capacity.**
    1. Evidence considered and *held* to sustain a finding of the jury that a settlement and release of the cause of action was not invalid because of want of mental capacity on the part of plaintiff.

[1] Reported in 153 N. W. 255.

**Fraud — undue influence.**
   2. The evidence did not require the trial court to submit to the jury the question whether the release was procured by fraud or undue influence.

**Charge to jury.**
   3. There was no ·prejudicial error in the court's instructions to the jury.

Action in the district court for Hennepin county to recover $40,000 for personal injury received while in the employ of defendant. The case was tried before Dickinson, J., and a jury which returned a verdict in favor of defendant, and answered in the negative the question whether the settlement and·release were of no effect because of the mental incapacity of plaintiff. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*Orin M. Oulman* and *Francis B. Hart,* for appellant.
*F. W. Root* and *Nelson J. Wilcox,* for respondent.

BUNN, J.

In February, 1911, plaintiff, while in the employ of the Chicago, Milwaukee & Puget Sound Railway Co. as a freight clerk and car sealer at the town of McIntosh, South Dakota, received personal injuries in a collision between a switch engine upon which he was riding and a freight train. January 1, 1913, defendant assumed the liabilities of the Puget Sound Company. This action was begun after that date to recover damages for the injuries received, the complaint alleging negligent operation of the train that collided with the switch engine. Among the defenses pleaded was that of a settlement and release in September, 1911. The reply alleged that plaintiff did not know what he was doing when he signed the release, and that the Puget Sound Company, taking advantage of his condition, fraudulently procured his signature.

The issue as to the validity of the release and the issues of negligence, contributory negligence and assumption of risk were submitted to the jury. A verdict for the defendant was rendered. In answer to a special question submitted, the jury found that the settlement and release were not invalid because of the mental incapacity of plaintiff.

Plaintiff assigns as error several of the instructions given by the trial court to the jury. He complains that it was error to submit the question of defendant's negligence, and that the instructions as to contributory negligence and assumption of the risk were erroneous in various particulars. Manifestly any errors in the charge on these questions were without prejudice to plaintiff, unless it first be held that there was prejudicial error in the instructions submitting the question of settlement and release. This is the feature of the case to which we must first direct our attention.

It is not claimed, as we understand the brief and argument of counsel for plaintiff, that the evidence does not sustain the finding of the jury that there was no want of mental capacity in the plaintiff that made the release of no effect. The chief contention is that the court did not submit the question of fraud or "undue influence" in procuring the settlement. Plaintiff was paid the sum of $2,500, and executed a formal release. Of this sum he deposited $1,100 to his own credit in a local bank, took a certificate of deposit for the same amount in favor of his wife, and $300 in cash. Assuming as we must from the finding of the jury, as well as from the evidence, that plaintiff was mentally sound when the settlement was made, and conceding that fraud or undue influence was properly pleaded and that the issue was not submitted by the trial court, the question before us is whether there was any evidence that made this a question for the jury.

There was no confidential relation between the parties. They were dealing at arm's length. There was therefore no presumption of undue influence, the burden was upon plaintiff to show that the will of another was substituted for his own, that the release was not his own voluntary act, was procured by force or coercion, destroying free agency, or by fraudulent representations. We have searched the record in vain for any tangible evidence to sustain the charge of undue influence or fraud in procuring this settlement. It is pointed out that the claim agent who negotiated with plaintiff represented that the company was not liable, and stated his reasons for this conclusion, some of which may probably have been untenable, and represented that he was using his influence to procure the best

settlement possible, when as a matter of fact he was using every effort to settle the claim at the lowest figure he could, and further stated that, if plaintiff would go to school and get a good education, he would see that he got a position. There is nothing in all this, or in any other evidence that we are able to find, that furnishes any basis for the claim that there was any fraud or undue influence. The amount was a very substantial one, and plaintiff did not have to divide it with a lawyer. Perhaps it was not entirely adequate in view of the character of the injuries, but it was plainly a very fair settlement in view of the fact that it saved plaintiff from the expenses of a lawsuit and from taking the chances of a failure to recover anything. We need hardly say that the law favors the settlement of controversies, or refer to the rule as to the character or weight of evidence necessary to set aside a solemn release on the ground of fraud. We hold that there was no evidence that required the trial court to submit this question to the jury. Nor do we find any error in the instructions submitting to the jury the question of the validity of the release. As the evidence is plainly sufficient to sustain the finding of the jury on this question, it follows that errors, if any there were, in the instructions on the other issues, were not prejudicial and are not ground for reversal. The release stands and effectively bars recovery in this action.

Order affirmed.